## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL JOSEPH PAVALONE,** | : | **CIVIL ACTION NO. 1:11-CV-1567** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| | : | |
| **Respondent** | : | |

### MEMORANDUM

On August 23, 2011, Petitioner Paul Joseph Pavalone ("petitioner" or "Pavalone"), a pre-trial detainee presently confined at the Lackawanna County Prison in Scranton, Pennsylvania, initiated the above petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The petition has been given preliminary consideration and, for the reasons discussed below, the court will dismiss this action without prejudice because there are ongoing state court criminal proceedings.  See R. Governing § 2254 Cases R. 4 (stating "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner").

## I.    Background

Pavalone was arrested on May 24, 2011, and charged with terroristic threats, stalking, and harassment.  (Doc. 1, at 9.)  Bail was set at $25000.00, which he was unable to post.  (Id.)

On June 21, 2011, he attended a preliminary hearing.  (Id.)  At that time, he

was appointed counsel from the Lackawanna County Public Defender's Office.  (Id.)

He contends that he was manipulated into waiving his preliminary hearing and that

the waiver was unknowing, unintelligible, and coerced.  (Doc, 1, at 10.)  He is

challenging the legality of his detention on the grounds that the criminal

proceeding thus far have violated the due process clause.  He is seeking an order

directing the Court of Common Pleas to dismiss all charges against him,

reimplement proceedings, reduce his bail, and allow him a preliminary hearing, (Id.

at 11.)

## II.   Discussion

A habeas petition may be brought by a prisoner who seeks to challenge

either the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475,

494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993).[1]  Habeas corpus

petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary

Consideration by the Judge") of the Rules Governing Section 2254 Cases in the

United States District Courts, 28 U.S.C. foll. § 2254 (1977), which provides in

pertinent part:  "If it plainly appears from the petition and any attached exhibits

---

[1]Conversely, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action.  See Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).  "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).  Therefore, any claims in which Pavalone seeks to impose liability due to the deprivation of Constitutional rights, as opposed to obtaining speedier release from custody, must be brought in a civil rights action.

that the petitioner is not entitled to relief in the district court, the judge must

dismiss the petition and direct the clerk to notify the petitioner.  A petition may be

dismissed without review of an answer when the petition is frivolous, or obviously

lacking in merit, or where . . . the necessary facts can be determined from the

petition itself. . . . ”  Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application

for a writ of habeas corpus challenging the fact or length of his or her confinement.

However, this section specifically provides that the person must be in custody

pursuant to the judgment of a State court.  See 28 U.S.C. § 2254(a).  It is apparent

from the instant petition that Pavalone has not yet been tried or convicted on the

criminal charges he faces in the Lackawanna County, and thus, he is not yet in

custody pursuant to the judgment of a state court.

Notwithstanding this deficiency, generally, federal courts must adjudicate all

cases and controversies that are properly before them.  New Orleans Pub. Serv.,

Inc. v. Counsel of City of New Orleans, 491 U.S. 350, 358 (1989).  Abstention,

however, “is the judicially created doctrine under which a federal court will decline

to exercise its jurisdiction so that a state court or state agency will have the

opportunity to decide the matters at issue.”  Heritage Farms, Inc. v. Solebury Twp.,

671 F.2d 743, 746 (3d Cir. 1982).  In Younger v. Harris, the United States Supreme

Court “established a principle of abstention when federal adjudication would

disrupt an ongoing state criminal proceeding.”  Yi Yang v. Tsui, 416 F.3d 199, 202

(3d Cir. 2005) (discussing Younger, 401 U.S. 37 (1971)).  The Younger Court based its

3

decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." <u>Younger</u>, 401 U.S. at 43. Younger abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 670 (3d Cir. 2010) (quoting <u>Addiction Specialists, Inc. v. Twp. of Hampton</u>, 411 F.3d 399, 408 (3d Cir .2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute. . . ." <u>Schall v. Jovce</u>, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. <u>Loftus v. Twp. of Lawrence Park</u>, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

It is clear that Pavalone is involved in ongoing criminal proceedings which implicate important state interests. It also appears from review of electronic docket in Court of Common Pleas of Lackawanna County Criminal Case Number CP-35-CR-0001493-2011, retrieved from the Pennsylvania's Unified Judicial System, that he has failed to take advantage of the state court proceedings available to him. <u>see</u> <u>http://ujsportal.pacourts.us.</u> There is no record of him having availed himself of state court procedure by seeking relief in the Court of Common Pleas or an appeal

to the Pennsylvania Superior Court from any denial of relief.  Because there is relief

available at the state court level, there is an absence of extraordinary circumstances

that would warrant our intervention on this issue.  Thus, out of deference to the

state judicial process, it is appropriate to abstain from entertaining the petition.

Indeed, "[i]n no area of the law is the need for a federal court to stay its hand

pending completion of state proceedings more evident than in the case of pending

criminal proceedings."  <u>Evans v. Court of Common Pleas</u>, 959 F.2d 1227, 1234 (3d

Cir. 1992).

**III.    <u>Conclusion</u>**

Based on the foregoing, the petition will be dismissed without prejudice.

**IV.    <u>Certificate of Appealability</u>**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a

certificate of appealability ("COA"), an appeal may not be taken from a final order

in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has

made a substantial showing of the denial of a constitutional right.  28 U.S.C. §

2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of

reason could disagree with the district court's resolution of his constitutional claims

or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

"When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when

the prisoner shows, at least, that jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order will issue.


  S/ Christopher C. Conner  
CHRISTOPHER C. CONNER
United States District Judge


Dated:      September 8, 2011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL JOSEPH PAVALONE,** | : | **CIVIL ACTION NO. 1:11-CV-1567** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| | : | |
| **Respondent** | : | |

## ORDER

AND NOW, this 8th day of September, 2011, upon consideration of the

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and in accordance

with the accompanying memorandum, it is hereby ORDERED that:

1.  The petition for writ of habeas corpus (Doc. 1) is DISMISSED without
    prejudice.  See R. Governing § 2254 Cases R. 4.

2.  The motion to proceed in forma pauperis (Doc. 4) is GRANTED for the
    sole purpose of the filing of this action.

3.  The Clerk of Court is directed to CLOSE this case.

4.  A certificate of appealability will not issue.  See 28 U.S.C. § 2253(c).

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge